## CARRIERS—DISCRIMINATION—INJUNCTION — RAILROADS.

[Franklin (2nd) Circuit Court, January Term, 1905.]

Dustin, Sullivan and Wilson, JJ.

### QUINN COAL CO. v. HOCKING VALLEY RY.

RAILROAD MUST NOT DISCRIMINATE BETWEEN SHIPPERS IN LAYING SIDE-TRACKS AND MAKING SWITCH CONNECTIONS.

Where a railroad company, operating as a common carrier of freight, adopts as a part of its business policy any advantageous facility for handling its freight, such as laying sidetracks and making switch connections for coal shippers whose mines are located along its line of road, it must not discriminate between different shippers with respect to such facility, but must afford it equally to all; and injunction will lie to prevent such discrimination, and to compel an equal service to all.

*M. B. Earnhart,* for plaintiff.

*J. H. Hoyt, Doyle &. Lewis* and *C. O. Hunter* for defendant:

Cited and commented upon the following authorities:

*Harp* v. *Railway*, 118 Fed. Rep. 169; *Northern Pac. Ry.* v. *Washington Territory*, 142 U. S. 492 [12 Sup. Ct. Rep. 283;

35 L. Ed. 1092] ; *Atchison, T. & S. F. Ry.* v. *Railway,* 110 U. S. 667 [4 Sup. Ct. Rep. 185; 28 L. Ed. 291] ; *Missouri Pac. Ry.* v. *Nebraska,* 164 U. S. 403 [17 Sup. Ct. Rep. 130; 41 L. Ed. 489] ; *People* v. *Railway,* 57 Ill. 436.

**DUSTIN, J.**

Plaintiff commenced its action by filing the following petition, to wit:

"The said plaintiff is a partnership formed for the purpose of doing business in the state of Ohio under the name of the Quinn Coal Company, and is engaged in the business of mining and selling and shipping coal, and in pursuance of its purpose and business has purchased and now owns in Wilkesville township, Vinton county, state of Ohio, a tract of 150 acres of coal lands underlaid with two veins of four and one-half foot coal, the said lands lying along and adjacent to the said defendant's main line of railway, and right of way in said township, and upon the west side of said right of way.

"The said defendant is a corporation duly organized under the laws of the state of Ohio and as a railway corporation, for the purpose of operating a railway, and is so operating a railway, and moving freights between the city of Toledo, a municipal corporation of said state and the village of Pomeroy, a village of said state, its right of way, and transportation of freights and passengers extending across said state and through said township and county, the defendant being a common carrier of freight and passengers for hire over its said line, and connecting with, and transporting its freight and passengers over other railway lines.

"The said defendant along its right of way, and adjacent to said plaintiff's land, has constructed, and now maintains and operates, a side track or spur track, west of its main track, of the length of about 150 feet, and said side track is used by the general public for the transportation of coal, lumber or other materials or products, and is now so used, the said main track and spur or side track along said plaintiff's premises running northward and southward, but the grounds of said company, and those west of and adjacent to said side track are so raised and elevated that not to exceed two cars can be

loaded at one and the same time, and said side track opens or is connected with the main track at a point, east and opposite the plaintiff's lands, the said lands not extending but some few feet north of said point where said side track connects with said main track, the said side track connecting with the main track at its south terminus opposite the plaintiff's lands and extending northward about 150 feet.

"Said plaintiff has opened said lands and mines at a point almost immediately west of said connection of main and side track and is able to ship two or more cars a day from said mine and is desirous of so doing, and has contracts with a firm called Maynard Bros. of Columbus, Ohio, on the line of said railway, and the Columbus Railway and Light Company, requiring the shipment over said line of from' one to two cars daily.

"The plaintiff says that said side track can be extended southward 200 feet upon said plaintiff's lands or said defendant's right of way without any injury to or interference with said main track or other property of said company.

"The plaintiff says it has opened its mine and has prepared for a tipple for the coal mined therefrom at a point about one hundred feet south of the south end of said side track, at which point by the aid and use of the tipple it can, without loss or danger or injury, to said defendant's right of way or main track, load and transport its said cars.

"The plaintiff says by the said side track as now used by the defendant it is compelled in mining and transporting its coal to load the same in wagons, haul the same to the said siding, and then load the same into the cars of said defendant company and is often hindered and delayed in this by reason of others, persons, firms and corporations, using said side track.

"The plaintiff says there are many mines along said defendant's right of way and that thousands of tons of coal are shipped therefrom, that the defendant company has placed sidings and tracks for their mines or their owner for the use of the coal operators, in shipping coal, these mines having lines, or side tracks, used only by the coal operators owning mines adjacent thereto and these various coal operators having tip-

Coal Co. v. Railway.

ples from which to unload their coal into the cars of the defendant company, the company setting in its cars and receiving the coal from these side tracks and tipples.

"The plaintiff says that by reason of the hauling by wagons, its said coal, said present short track and said raised land, and by reason of each of said facts, the expense of hauling its coal is very great. Greatly and increased off of loading from a tipple is rendered unprofitable, prevents the plaintiff with competing with others, and the coal companies along said right of way, that they have been provided with side tracks, and the use of tipples to the same, and is an unlawful and unjust discrimination against this plaintiff and in form of the other coal operators on said line. The plaintiff says that the unloading from tipples into cars is the common and well known method pursued by said company for its coal traffic and is safer, easier, less expensive and more expeditious and the said siding or side track, as now permitted and used, does not give equal or reasonable facilities for loading coal, and is an unjust discrimination against plaintiff.

"The plaintiff has requested said defendant to extend its said side track southward 200 feet and agreed to build, construct and maintain the same at its own expense but subject to the control, supervision, and requirements of said defendant, the plaintiff under like supervision to make all required connections with said main track without increased danger or connections with said main track and to pay all costs, but said defendant refuses so to do or to permit the plaintiff so to do.

"The plaintiff says the defendant is the only railway by which it can transport its coal, and that it is denied the proper facilities for shipping its coal, or those granted and extended by said defendant to the other coal operators similarly situated along said right of way, and if said side track was extended and said connection made with said main track at the north end of said track as now located the cars could be more readily moved as the grade is southward in slope, and if said extension was also made the plaintiff would be given facilities to operate its said mine, and similar or equal facilities given to the other coal operators upon the line of the defendant's railroad.

Franklin County.

"Plaintiff says if the said facilities are not given, it is delayed, hindered and deprived of the proper use of its said property, and it suffers great and irreparable injury thereby, that cannot be properly measured in any action at law.

"Wherefore the said plaintiff prays said defendant by the orders and judgment of this court extend its said side track, and keep or make the proper connections with its main track, that it be required not to discriminate in the conditions of loading.

"That said plaintiff be allowed to load its cars from a tipple or other safe, usual or convenient mode upon said side track so extended, and for such other order in the premises as will prevent hindrances, delays and discriminations that are exercises against this plaintiff and not against said other coal operators, and other proper relief."

A demurrer to the petition is filed, based upon the grounds that it does not state a cause of action against defendant, or, that if it does, that plaintiff had an adequate remedy at law.

The demurrer to this petition will be overruled, on the authority of *Johnson Coal Min. Co.* v. *Railway*, 14 Dec. 209 (1 N. S. 385).

**Sullivan** and **Wilson, JJ.**, concur.